### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT ATHENS,

### NOVEMBER TERM, 1856.

Present—JOSEPH H. LUMPKIN,  
HENRY L. BENNING, } *Judges.*  
CHAS. J. McDONALD,

---

No. 141.—ROBERT HENDERSON, plaintiff in error, *vs.* SAMUEL S. PITMAN, defendant in error.

[1.] An attachment regular in all respects, except that it lacked the letters " J. P." at the end of the signature of the Justice of the Peace, was dismissed for wanting those letters : *Held*, that it was improperly dismissed.

Attachment, in Lincoln Superior Court. Decision by Judge JAMES THOMAS, April Term, 1856.

This was a decision of Judge THOMAS, dismissing an attachment on the ground that the same did not appear to have been issued by any officer authorized by law. The attachment professed, in the body thereof, to have been issued by " Benjamin Samuels, one of the Justices of the Peace for said county." It was signed by Benjamin Samuels without the addition of the initials, J. P.

This decision is assigned as error.

Thos. W. Thomas, for plaintiff in error.

Lang, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

Is there enough on the face of the attachment to show that Samuels signed it in his official, and not in his private character?

If we take up every part of the attachment by itself, we shall find that each part, except the signature, has enough upon its own face to show that as to it, Samuels acted in his official, and not in his private character, and that the signature has nothing upon its face to show in which character he acted.

The caption is, " By Benjamin Samuels, one of the Justices of the Peace for said county." In this caption, Samuels acted in his official, and not in his private character, if Justices of the Peace ever so act; for this caption is in the form which they always use.

Every part of the body of the attachment corresponds with the caption, and is in the usual form. In every part of the body of the attachment, then, Samuels acted in his official, and not in his private character.

The signature consists of his naked name. It is not followed by the letters, " J. P." or by any other letter, or by any word. The signature, therefore, taken by itself, has nothing to show whether Samuels made it in his official or in his private character. Therefore, the signature taken by itself, might stand either for an official or for a private act. There is no law which says that the signature of a public officer shall be considered official only when it is followed by his official title, or by named letters standing for that title. And what law is there fixing the import of the letters, " J. P. ?" The President, in signing a message, does not add his official title, or anything else to his name. Thus, then, it

appears that each part of the attachment, except the signature, shows for itself that as to it Samuels acted in his official, and not in his private character; and that the signature, taken by itself, shows nothing one way or the other.

This being so, it is to be presumed that, as to the signature, also, he acted in his official, and not in his private character —it. is to be presumed that he acted in one and the same character throughout; for to say that a man does one half of an act in one character and the other half in another character, would be to make void both halves. Half an act is no act. And it is a rule of law, that interpretation shall, if possible, be such as to make every part of the instrument have some effect, and especially be such as to prevent the instrument from being without any effect.

We think, therefore, that the attachment was sufficient, and ought not to have been dismissed.